## Franklin Osburn *et al.*

*v.*

## Harry G. McCartney.

*Filed at Ottawa May 12, 1887.*

1. Practice—*after reversal and remandment, and affirmance in part—proceedings in the trial court.* A decree for the partition of land left by a deceased testator to certain devisees, was reversed by this court, for the reason the bill was prematurely brought, it holding that the devisees had, as yet, no vested interest under the will; and the cause was remanded, for further proceedings in conformity with the opinion then filed. The trial court thereupon dismissed the bill as to the lands: *Held,* that the dismissal was the only order that could have been made to give effect to the decision of this court.

2. Where a decree for the partition of land, and finding the interest of the several parties, is affirmed by this court, although the cause may be reversed on some other point, and remanded, the circuit court will have nothing to do except to complete the partition on the basis of the decree; and the judgment of affirmance will forever settle the rights of the parties in the partition, and the whole matter will become *res judicata.*

3. Conflict of laws—*judgments and decrees in another State—how far conclusive in the courts of this State.* The judgment or decree of the courts of another State, giving a construction to a will of a testator resident in that State, and settling the rights of the devisees under the will, will be conclusive as to the personal estate left by the testator wherever found, and as to lands left by him situate in that State, but not so as to the rights of the devisees to lands of the testator in this State. As to such lands, our own courts will construe the will.

Appeal from the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding.

Mr. N. M. Jones, for the appellants:

The same general principles which regulate the vesting of devises of real estate, apply, to a considerable extent, to gifts of personalty. Jarman on Wills, (5th Am. ed.) 449.

This court has construed the devise to mean, that there should be no division of the estate until the youngest child became twenty-one years of age, and that ought to be final.

That being so, there should be no division of the city lots until one is made of the acre property.

Messrs. WILLIAMS & THOMPSON, for the appellee:

The order of reversal of the decree, so far as it relates to the sixty-seven lots in Cook county, in effect was an affirmance of the decree as to those lots, (*Manufacturing Co.* v. *Wire Fence Co.* 119 Ill. 30,) and nothing remained but to carry into execution that part of the decree.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is a partition proceeding, commenced in the circuit court of Cook county, by the children of Henrietta W. Osburn, against Harry G. McCartney, for the partition of certain real estate in Cook county, and for a construction of the will of their grandfather, Griswold E. Warner, through whom all the parties claim. McCartney is the only child and heir of Jennie W. McCartney, a deceased daughter of the testator. As the sole representative of his deceased mother, it was claimed by his counsel that he was entitled, under the will, to one-half of the property sought to be partitioned. On the other hand, the Osburn children contended that the property was given to all the grandchildren as a class, and that he was therefore only entitled to an equal share with others,—that is, to one-ninth.

The property in controversy consists of certain lands of which the testator died seized, together with sixty-seven lots bought by his executors after his death, and paid for by them out of the undivided personal estate held by them in trust for said grandchildren, according to their respective interests as fixed by the will. The circuit court, by its decree, sustained the claim of the Osburn children as to the lands disposed of by the will, but denied it as to the sixty-seven lots,—in other words, the decree directed a *per capita* division to be made

of the lands, and a *per stirpes* division of the lots, among the claimants. On appeal to this court by McCartney, it was substantially conceded by counsel for the Osburn children, that the decree as to the lots was correct, and so this court held; and while it also substantially concurred in the construction given to the will by the lower court, it was nevertheless thought, and held, that the suit, so far as the lands were concerned, was prematurely brought, on the ground that the complainants in the bill had as yet no vested interest in them, and the decree, therefore, *except as to the sixty-seven lots*, was reversed, and the cause remanded for further proceedings in conformity with the opinion then filed. (See *McCartney* v. *Osburn et al.* 118 Ill. 403.) The mandate of this court having been filed in the circuit court, and the cause replaced upon the docket, the appellants filed a motion to dismiss the entire proceeding, which being overruled, they then moved the court to stay the proceedings until the youngest child of Mrs. Osburn attained its majority, it being the time when the property, as held by this court, was to vest in interest. This motion was also overruled. The court thereupon proceeded with the partition of the lots, and entered a final decree dismissing the bill as to the lands, to reverse which the present appeal is prosecuted.

It is manifest that the action of the court below was in strict conformity with the decision of this court. The suit having been prematurely brought as to the lands, it was properly dismissed as to them. So far as they are concerned, that was the only order that could have been made which would have given effect to the decision of this court. As to the lots, the decree below was affirmed, and of course, so far as they are concerned, nothing remained for the court to do but to go on and complete the partition upon the basis of the decree. The decree, as affirmed, fully settled the rights of the parties in and to the lots in question, and it is not within the power of this court to change or in any manner unsettle

them, even if it had the disposition to do so, which it has not. The whole matter was and is *res judicata*.

But if this were not so, the decree as respects these lots is clearly right, and defensible on well settled principles of law. It will be found from the former opinion filed in this case, that Griswold Warner, the testator, was a resident of the State of Pennsylvania, and was domiciled there at the time of his death; that after his death, and prior to the commencement of this suit, a controversy arose in that State between the present parties, in respect to their respective rights under the will, which resulted in a decree of court sustaining the claim of McCartney to one-half of the property, real and personal. That decree was subsequently affirmed by the Supreme Court of Pennsylvania, and is still in full force and effect. The decision in that case, on the plainest principles of law, conclusively settled the rights of the parties to so much of the realty devised as lies in Pennsylvania, and to the entire personal estate, wherever situated or found, but it did not at all affect the title of the real property outside of that State. The lots, however, as we have just seen, were purchased after the testator's death, and were paid for with money and effects one-half of which belonged to appellee. This being so, it follows, that he, in equity, was entitled to one-half of the lots themselves. The partition and division of them having been made upon this basis, the decree was therefore clearly right. But, as already said, the matter is *res judicata*, and, consequently, is no longer open to question.

The decree will be affirmed. *Decree affirmed.*

Mr. JUSTICE MAGRUDER took no part in the decision of this case.