In the Matter of the Estate of MARY STUMPENHOUSEN, Deceased, HENRY STUMPENHOUSEN, Appellant:

**Wills:** LIFE ESTATES: *Construction.* A joint will, devising property to the survivor during life to use as he sees fit, without power to sell but with a right to change the disposition of property as provided for by the will, gives to the survivor only a life estate and the power to dispose of the remainder as a separate estate.

CONSTRUCTION. The word bequest may be held to refer to real estate in one part of a will where the testator has plainly used it with that meaning in another part

RULE APPLIED. When a will giving personal property and a life estate in real property, with power "to change or modify the specific bequests herein after made," uses interchangeably the words "bequest" and "devise," it will not be held that the power to change or modify refers only to personal property, on the ground that the word "bequest" is used.

EFFECT OF. A will devising a life estate, with power to the life tenant to alter the devise of the remainder, does not give the remainder men any vested interest, and if the power is exercised, the persons designated by the life tenant take under the original will.

LANGUAGE TO CREATE. No set form of words is requisite to the creation of a will, any language indicative of an intent to make a testimentary disposition of property being sufficient.

Appeal: REVIEW. The court will not construe the rights of devisees in a will which may be defeated by the exercise of power to alter them, given to a life tenant.

REVIEW FOR APPELLEE. A finding in favor of appellant, from which the appellees have not appealed, is conclusive.

*Appeal from Blackhawk District Court.*—HON. FRANKLIN C. PLATT, Judge.

TUESDAY, MAY 23, 1899.

PROCEEDINGS for the construction of the joint will of Mary Stumpenhousen and Henry Stumpenhousen. The trial court found that Henry Stumpenhousen took the personal property of the deceased absolutely, subject to the payment of debts; that he took a life estate only in the real estate belonging to the deceased; that Mamie Stumpenhousen, Anna Gutknecht, William Stumpenhousen, and Henry Stumpenhousen, Jr., took a fee-simple estate in the real property of the deceased, subject only to the life estate of Henry Stumpenhousen; that the limitations upon the fee-simple estate were void, and that the life estate of Henry Stumpenhousen was subject to the payment of debts. Henry Stumpenhousen appeals.—*Modified* and *affirmed*.

*Alfred Grundy* for appellant.

*Boies & Boies* and *J. C. Scott* for appellees.

DEEMER, J.—The will which we are asked to construe reads as follows:

"Know all men by these presents, that we, Mary Stumpenhousen and Henry Stumpenhousen, wife and husband, of Blackhawk county, Iowa, both being of lawful age and of

sound mind and memory, do make, publish, and declare this instrument to be, jointly as well as severally, our last will and testament, to-wit, hereby revoking all former wills:

"First.    All just debts and funeral expenses shall at all times be fully paid.

"Secondly.    We thereafter desire that all property, real as well as personal, of which we may be possessed at the time of the decease of either of us, shall be held by the survivor during his or her life, to use same as such survivor may see fit, except that such use shall not be construed at any time to mean that the survivor can sell any of the real estate, but is used here for the purpose of giving the survivor the right to change or modify the specific bequests hereinafter made.

"Thirdly.    Upon the decease of the survivor it is our desire that our property shall be divided as follows:    Our home in the city of Cedar Falls, Iowa, with all household goods therein, shall go to our daughter, Mamie Stumpenhousen, said home being lots 7 and 8 in block 12 of E. Brown's 2nd addition to said city.    Then next to our daughter Anna Stumpenhousen, now Mrs. John Gutknecht, and to our son William Stumpenhousen, the north one-half of all the land we own in section No. 6, in township 88 north, range 14 west of the 5th P. M., which they shall divide so that our daughter Anna receives the west half thereof and our son William the east half thereof.    Then next the south one-half of said land in said section shall go to our daughter Mamie Stumpenhousen and to our son Henry Stumpenhousen, which they shall divide in such a manner that Mamie receives the west half thereof and Henry the east half thereof.    In such division they shall not take into consideration any of the road surrounding or adjacent to said lands, the intention hereof being to give to each of them one-fourth of the actual farm land outside of highways, and at the places of said section as above indicated; any right or easement in the public highway shall go to the heir to whose land such high-

way is adjacent. And in the event of the decease of any one of the above heirs and devisees without being married, or heirs in the lineal descent, then the share of such heir shall go to the survivors of the heirs above named. And we expressly provide hereby that none of said heirs shall have a power to sell or dispose of any of the above real estate during their respective lives, but shall bequeath and devise same to their respective lawful heirs; and such respective heirs shall not dispose of same for a term of twenty-one years from the date of decease of the party from whom it comes. The foregoing provision as to disposition shall also apply to the property in Cedar Falls, Iowa, herein given to our daughter Mamie. And we further provide that, after all debts are paid as above contemplated, then the residue and remainder of our personal property not herein otherwise disposed of shall, upon the decease of the survivor of us, be divided among said heirs share and share alike. In case of the need of administration hereon at the decease of one of us, that we agree upon the survivor as executor and without bonds. In witness whereof we have hereunto set our hands this 8th day of February, A. D. 1897.

> "Mary Stumpenhousen.
>
> "Henry Stumpenhousen."

The rule for the construction of such language as is found in the second paragraph of the will has recently been determined in *Law v. Douglass,* 107 Iowa, 606, and the distinction is there pointed out between an attempt to devise the estate remaining after the death of the devisee to whom an absolute fee is given and the remainder after the exercise of the power of disposition thereof as a separate interest where a life estate only is given; and it is there said: "To the gift of the life estate may be annexed the right to sell the remainder for defined purposes as a separate gift, and the devise of the part undisposed of is held good." In the case at bar the survivor is given a life estate, with power to change or modify the specific bequests thereinafter made by the testatrix. Power to sell or otherwise

dispose of the remainder is distinctly negatived. The added power is not of unqualified alienation. It merely gives to the survivor the right to dispose of the remainder as a separate estate, and does not enlarge the life estate theretofore devised to the survivor. *Mansfield v. Shelton,* 67 Conn. 390 (35 Atl. Rep. 272); *Collins v. Wickwire,* 162 Mass. 143 (38 N. E. Rep. 365). The trial court correctly held that appellant took but a life estate.

II.   Appellant contends that the third clause of the will does not amount to a devise; that it is simply expressive of a desire or request, and is not sufficient to dispose of the property. Suffice it to say, in this connection, that no set form of words is requisite to the creation of a will. Any language indicative of an intent to make a testamentary disposition of property is held sufficient. *In re Longer's Estate,* 108 Iowa, 34; Schouler Wills (2d ed.), section 262.

III.   Again, it is contended that the devise to the children is of nothing more than a life estate, with remainder over to their children. Appellees argue, and the court found, that they take an estate in fee subject only to the life estate devised to the survivor. In view of our holding in the first division of this opinion, it will be observed that this is a moot question, which we ought not to determine in view of the power given the life tenant to make disposition of the fee. He has the right, under the will, "to change or modify the specific bequests thereinafter made." Should he elect to do so, there might be nothing left to the children. It will be time enough to consider their rights when the occasion arises for us to do so. Appellees further say that the power to "change or modify" has reference to personal property only, for the reason that the clause giving this power uses the term "bequests," which refers to personal property only. While it is no doubt true that the word relied on, when properly used, refers to personal property, yet in furtherance of the testator's intent, the words

"bequeath" and "devise" will be treated as synonyms if the context requires it. Schouler Wills (2d ed.), section 513; Code, section 3280. Moreover, in laying hold of the true meaning of a word used in a will it is usually held that when it occurs more than once, it will be presumed to have been used always in the same sense, unless the context shows a contrary intention. In the third clause of this instrument we find that the testatrix used the word "bequeath" with reference to real estate, and we are satisfied that she used it in the same sense when refering to the power of the survivor. Any other construction of the instrument would do violence to the language used, and thwart the plain intent of the testatrix. In no event would the rule in *Shelley's Case* apply, and if the survivor should elect not to use the power conferred upon him, the only question for solution would be whether the children take a life estate with power of disposition as a separate interest, or an estate in fee with absolute power of disposition. As we have already said, there is no occasion to determine this question in advance of an election made by the survivor. What we have so far said relates to the real estate of the deceased. The trial court found that the survivor took the personal property absolutely, subject only to the payment of debts. As the appellees have not appealed, that finding is conclusive.

IV. The trial court found that, if the personal property was insufficient to pay the debts, the life estate of the survivor and the estate of the respective heirs should be sold in the order named for the balance remaining unpaid. Of this complaint is also made. Our holding renders it unnecessary to determine this question. If the personal property is insufficient to pay debts, the real estate, or a sufficient amount thereof to meet the indebtedness, must be sold; and such sale will not only deprive the survivor of his life estate therein, but also destroy his power to change or modify the subsequent bequests made in the will. Our conclusion is that

Henry Stumpenhousen, Sr., takes but a life estate in the real property of the testatrix, with power to dispose of the remainder within the limitations prescribed in the will, which he may exercise at his option; that if he exercises the power, then the persons designated by him take under the original will through the power vested in and exercised by him; that, if he elects not to exercise this power, then the "desire" of the testatrix will control; that the children do not take any present or vested estate; and that the real estate may be sold for the payment of debts, if necessary, after exhausting the personal estate of the testatrix. These conclusions do not exactly accord with those of the learned district court, and its decree will be MODIFIED and AFFIRMED.