E. S. GREENLEAF

v.

THE BOARD OF REVIEW OF MORGAN COUNTY.

*Opinion filed February 19, 1900.*

1. TAXES—*tangible property of corporation and shares of stock are distinct kinds of property.* The tangible property of a corporation and the shares of stock are distinct kinds of property and belong to different owners, the former to the corporation and the latter to the individual stockholders.

2. SAME—*shares of stock may be taxed separately from the tangible property.* In the absence of a statute to the contrary, a share of stock is taxable to the owner, as other personal estate, at the place of his residence, whether the corporation be domestic or foreign.

3. SAME—*stock in foreign corporations is subject to taxation at owner's residence.* Under clause 6 of section 1 of the Revenue act (Rev. Stat. 1874, p. 858,) shares of stock in a foreign corporation are taxable at the residence of the owner in this State, where the capital stock or tangible property of the corporation is not assessed in this State but in the State of its creation.

APPEAL from the Board of Review of Morgan county.

WILLIAM BROWN, and JULIAN P. LIPPINCOTT, for appellant.

E. C. AKIN, Attorney General, (C. A. HILL, and B. D. MONROE, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant, Greenleaf, is a resident of the county of Morgan, in the State of Illinois. On the first day of April, 1899, he owned and had in his possession in this State certain certificates of shares, of the par value of $80,000, in a corporation organized under the laws of the State of Kansas, and chartered by the State under the corporate name of "The Greenleaf-Baker Grain Company." The entire capital stock of the corporation was then invested in real estate, grain elevators, grain and other tangible property, all of which were located in the

State of Kansas and were assessed in the State for taxation. He was required by the assessor to list as assessable for taxation in the said county of Morgan the said shares of capital stock in the said corporation. The board of review of the county approved the action of the assessor. This is an appeal from such holding of the board of review, certified to this court by the Auditor of Public Accounts.

It is not contended the certificates of stock, if assessable, should be valued at less than their par value. The argument of counsel for appellant is, the certificates of shares in the capital stock of the corporation are mere tokens or evidence of the owner's relative interest in the tangible property owned by the corporation; that the *situs* of such tangible property is in the State of Kansas; that it is there properly and lawfully taxed, and that the assessment of the shares of stock for taxation in this State is simply taxing the tangible property a second time.

We need not consider whether it is entirely beyond the power of the State, represented by the General Assembly, to impose double taxation upon the same property, for the reason it is well settled the tangible property of a corporation, and the shares of stock therein, are separate and distinct kinds of property and belong to different owners, the first being the property of the artificial person,—the corporation,—the latter the property of the individual owner thereof. (*Danville Banking and Trust Co.* v. *Parks*, 88 Ill. 170; 25 Am. & Eng. Ency. of Law, 662-670; Desty on Taxation, 353.) The General Assembly, representing the sovereignty of the State, has ample inherent power to impose taxes on all property within the State, the only limitations being such as are declared in the constitution of the State or that of the United States. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; 25 Am. & Eng. Ency. of Law, 18, note 11.) Neither in the organic law of the general government or in that

of the State is there any prohibition against the imposition of taxes on shares of capital stock of foreign corporations held and owned by residents of this State. A share of stock in a corporation is personal estate, and in the absence of any statute to the contrary is taxable to the owner as other personal estate, at the place of his residence, whether the corporation be foreign or domestic. (Cooley on Taxation,—2d ed.—pp. 22, 23; Burroughs on Taxation, 188; Desty on Taxation, *supra; Danville Banking and Trust Co.* v. *Parks, supra.*) The authorities are uniform upon the proposition a tax may be lawfully levied on shares in the capital stock of foreign corporations held and owned by a resident of the State which imposes the tax, though the corporation has paid taxes on its capital stock or property under the laws of the State under which the corporation was created. (25 Am. & Eng. Ency. of Law, 664; *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co. supra.*) Clause 1 of section 6 of chapter 120 of our statutes entitled "Revenue," requires that shares of stock of any company, when the capital stock of such company is not assessed in this State, shall be listed and assessed for taxation, and clause 29 of section 25 of the same chapter required the appellant to report for taxation the amount and value of the shares of stock in question. It was within the power of the General Assembly to require the shares should be so assessed.

The provision of the proviso to clause 4 of section 3 of the said Revenue act, that the shares of stock of a domestic corporation (except banking corporations, etc.,) shall not be assessed for taxation if the tangible property or capital stock of the corporation is assessed under our revenue laws, does not affect the question here involved. That provision only operates to relieve shareholders in other than corporations authorized to do business as banks, from taxation where the property represented by the shares has borne the burden of contributing to the public revenues of this State. The shares of stock

in the Kansas corporation held and owned by appellant are property within the jurisdiction of this State. They may be the subject of contracts of sale, barter or exchange under our laws, and the power of our laws may be invoked to enforce or defend such contract, and also to protect the property interest of appellant in them against force, fraud or theft. He is a resident of the State, and is entitled to invoke the authority of the State and the aid of our courts to protect his property, including these shares of stock. While the legality of a tax cannot be determined by reference to peculiar benefits to the particular property assessed for taxation, that element of natural justice is not lacking in this instance, for the State does and must maintain and provide the machinery and instrumentalities of organized government necessary to secure and protect appellant in the enjoyment of his property rights in these shares of stock, and he may command and employ those sovereign powers for the protection of this identical property. If the stock be not assessed for taxation he will enjoy the benefits of the organized power of the State for the protection of his property rights and interest therein without being required to contribute to the support of the State government in proportion as he enjoys its advantages and protection. It is no doubt true the tangible property of the corporation bears the burden of contributing to the revenues of the State of Kansas. It there has and needs the protection of the governmental functions of that State; but the appellant's shares of stock are within the jurisdiction of this State, are property here, need and have the protection of our laws, and are legally taxable, as is other property which has its *situs* within the State.

The action of the board of review is approved and its order is affirmed.

*Order affirmed.*