MARIE HENSLEY, Appellee, v. DAVIDSON BROS., Appellant.

**Appeal:** FAILURE TO URGE ERRORS ON FORMER APPEAL. Where the appellee on a former appeal failed to make any showing in support of an order setting aside a verdict against him, upon reversal of the order with directions to enter judgment on the verdict, he cannot himself appeal and rely upon errors at the trial justifying the setting aside of the verdict, as it was his duty to urge them on the former appeal by the other party.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, MARCH 16, 1909.

REHEARING DENIED WEDNESDAY, SEPTEMBER 29, 1909.

APPEAL from an order of the district court directing

a judgment for plaintiff upon a verdict in her favor by a jury to which the case was tried.—*Affirmed.*

*Carr & Carr,* for appellant.

*Ryan & Ryan,* for appellee.

DEEMER, J.—The case has twice been before us on former appeals. See 103 N. W. 975; 135 Iowa, 106. On the last appeal the case was remanded, with directions to the trial court to render judgment upon the verdict. This was done, and defendants again appeal, claiming that the court was in error in giving two instructions to the jury. On the appeal preceding the one now under consideration, we held that the trial court was in error in setting aside the verdict on its own motion, and also said: "We are unable to discover any tenable ground for the ruling of the court, and the order setting aside the verdict and granting a new trial must be reversed. We have discussed the case on the theory that all possibility that the ruling might be correct must be excluded by the examination of the record. It should not be inferred, however, that it is any part of this court's duty to search for reasons to sustain an order for new trial when neither the *nisi prius* court nor the party in whose favor the ruling has been entered has taken the trouble to make the grounds thereof a part of the record." The record on that appeal did not show that any exceptions were taken to the instruction, nor did appellee's counsel (appellant's here) point out anything in the record which would have justified the trial court in setting aside the verdict. It was their duty to do this, or forfeit any rights they might have to insist upon the correctness of the action of the trial court in setting aside the verdict. If it had been shown that any erroneous instructions were given by the trial court, we would have been justified—indeed, it would have been our duty—to

have sustained the action of the trial court in setting aside the verdict. Appellee in that case, appellant here, was not obliged to appeal in order to fortify the ruling of the trial court in granting the new trial. This he might have done by showing errors committed at any state of the proceedings, or in any of the rulings which would have justified the action of the court in setting aside the verdict. This would have prevented a reversal and saved the action of the trial court. It is not the policy of the law to permit one to present his case in piecemeal. Having had its day in court on the former appeal, defendants can not now rely upon errors of the trial court, justifying the setting aside of the verdict and granting a new trial. See, as sustaining these views, *Harwi Hardware Co. v. Klippert,* 73 Kan. 783 (85 Pac. 784); *Mason v. Mason,* 68 Ky. 187; *Carter v. Hough,* 89 Va. 503 (16 S. E. 665); *Dupoyster v. Receiver,* 121 Ky. 518 (89 S. W. 509). The judgment rendered by the trial court was in exact compliance with the directions given on the former appeal, and that ends the controversy. *Cook v. Burnley,* 78 U. S. 659 (20 L. Ed. 29); *Smith v. City* (Cal.) 34 Pac. 830; *Osburn v. McCartney,* 121 Ill. 408 (12 N. E. 72); *Carter v. Long,* 116 N. C. 46 (20 S. E. 1013).

The appeal must be, and it is, dismissed, and the judgment of the court below is *affirmed.*