(103 So. 465)

## ENSLEY et al. v. HODGSON et al.
### (6 Div. 291.)

(Supreme Court of Alabama. March 26, 1925.)

1. Wills ⬡2—Law of will affecting title to realty in Alabama is determinable by Alabama courts governed exclusively by Alabama law.

Law of will affecting title to realty in Alabama is determinable by Alabama courts governed exclusively by Alabama law.

2. Descent and distribution ⬡47(3)—Will held not to provide for contingency of posthumous or after-born children, except as to child with which testator's wife was pregnant at execution of will.

Will *held* not to provide for contingency of posthumous or after-born children, except as to child with which testator's wife was pregnant at execution of will, so that an after-born child, other than the one for which provision was made, was entitled, under Code 1923, § 10585, to a share of the estate as in case of intestacy.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill of review by Enoch and Robert Le Roy Ensley, suing by their next friend, Mary E. Ensley, against Harriett E. Hodgson and others. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

Lange & Simpson, of Birmingham, for appellants.

A will which makes provision in any way for the contingency of the birth of children born after making the will is not void as to an after-born child. Code 1907, § 6160; Shackelford v. Washburn, 180 Ala. 168, 60 So. 318, 43 L. R. A. (N. S.) 1195.

Tillman, Bradley & Baldwin and Percy, Benners & Burr, all of Birmingham, and Henry Craft, of Memphis, Tenn., for appellees.

An after-born child, not provided for in a will, takes as though the testator had died intestate. Code 1923, § 10585. The will was void as to the after-born daughter. Ensley v. Ensley, 105 Tenn. 107, 58 S. W. 288; Schackelford v. Washburn, 180 Ala. 168, 60 So. 318, 43 L. R. A. (N. S.) 1195; Gay v. Gay, 84 Ala. 38, 4 So. 42.

SAYRE, J. [1] July 7, 1890, Enoch Ensley, a resident of the state of Tennessee, executed his last will and testament. At the time he had two children by a former marriage, Harriett Ensley and Martin Ensley. Evidently he expected a child to be born of his second wife, Mary L. B. Ensley, and the expected child, Enoch Ensley, Jr., was born about eight months later. Testator died November 18, 1891, and his will

---

was probated November 24, 1891. After his death another child, Mary Beecher Ensley, now Mary Beecher Ensley Murrelle, was born to his wife, and the question now presented for decision is whether this last-named child inherited an interest in a valuable tract of land in Jefferson county in this state. The title, descent, and disposition of this land is governed exclusively by the laws of this state. Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13. Provisions of the will relevant in this connection are set out as follows:

"I want my property of all kinds to be divided between my wife Mary L. Beecher Ensley, my son Martin Ensley and my daughter Hattie S. Ensley, as follows:

"Should my wife give birth to a child in the next eight months and the child should live I will and devise to her (she to provide for the said child) my residence with all furniture"—describing the same—"and after that one-third of all my other property of every kind. * * * The remainder of my property I give to my son Martin and daughter equally or say one-third of the whole each. * * * This land"—referring to the land in Jefferson county—"I don't want sold but want it divided equal in value (in three parts) to my wife, son and daughter, my son's and daughter's part to go to them during their life and then to the heirs of their body, my wife's part to go to her during her life and should she have no child by me I want my two children or their children to take her part. * * *"

Section 6160 of the Code of 1907 (now section 10585 of the Code of 1923) has come down through a long series of codes and digests. It provides:

"Whenever a testator has a child, born after the making of his will, either in his lifetime or after his death, and no provision is made * * * for such contingency, such birth operates as a revocation of the will, so far as to allow such child to take the same share of the estate of the testator as if he had died intestate."

Considering a bill for the partition, or a sale in lieu of partition, of the land in question, and giving effect to the section of the Code quoted above, the chancery court of Jefferson, in 1914, decreed that the will provided for the contingency of the birth of Enoch Ensley, Jr., and so that testator's disposition of his estate was not to be opened for the benefit of Enoch, Jr.; but that no provision had been made for the contingency of the birth of other children, and so that Mary Beecher Ensley, now Mary Beecher Ensley Murrelle, was entitled to be let in for a share of testator's estate as in case of intestacy. It appears that the son Enoch acquiesced in this ruling; but the present bill is filed by some of the infant defendants in the former, grandchildren of testator, to review the decree for alleged error apparent of record, the theory of complainants' case being that the court erred in holding that testator made no provision for his posthumous daughter, and so that the will was erroneously opened for her benefit. This interpretation of the will was denied by the decree sustaining a demurrer to the bill of review.

[2] The decree of the trial court was correct. Testator made no provision for the contingency of the birth of a posthumous daughter. The Supreme Court of Tennessee, construing this will, so held in Ensley v. Ensley, 105 Tenn. 107, 58 S. W. 288, saying that there was no serious question made but that Mary, the posthumous child, should be treated as pretermitted and entitled to take under the statute as if the father had died intestate. What else that court held concerning the provisions of the will is of no consequence so far as concerns this cause. As we have indicated, the law of the will as affecting the title to realty in this state is to be determined by the courts of this state; but we have referred to the opinion of the Tennessee court as tending, in reason, to support our conclusion so far as concerns the question in litigation, stated above.

The reliance for appellants is based upon that language of the will which we have quoted above as expressing the testator's purpose to remit all future-born children to the bounty of his widow to whom he left the family residence and one-third of the remainder of his estate, thus deliberately and expressly, as the argument runs, disposing of his entire estate to the exclusion of possible future children, citing Shackelford v. Washburn, 180 Ala. 168, 60 So. 318, 43 L. R. A. (N. S.) 1195. That this contention is well grounded as to the after-born son we do not doubt; but that it holds in the case of the posthumous daughter we cannot agree, for to the son it is clear that testator referred when he provided for "my wife's child (if she has any by me)" and made further provision "should she have no child by me," but we are unable in this language to find deliberate and express provision for the contingency of posthumous or after-born children, except the child with which his wife was then pregnant, or that all such children should be excluded from sharing in his estate except as testator's widow might provide for them out of her share under the will. The mention of "my wife's child" is sufficient in the circumstances to limit testator's provision to him. The other provision contemplates the case of "no child," and can hardly be construed as a provision for or against posthumous or after-born children.

Our conclusion is that the trial court correctly construed the will and that the de-

murrer to the bill of review was properly sustained.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.