178 So. 430
### STRAWN v. CAFFEE.
#### 6 Div. 204.

Supreme Court of Alabama.
Jan. 13, 1938.

---

[1] Ante, p. 217.

A. Leo Oberdorfer and C. H. Peay, both of Birmingham, for appellee.

Ralph W. Quinn and Wm. F. Spencer, both of Birmingham, for appellant.

BOULDIN, Justice.

Broadly speaking, the bill invokes the jurisdiction of a court of equity to enforce

a testamentary trust in favor of complainant, beneficiary. The appeal is to review a decree overruling demurrers to the bill, interposed· by respondent, trustee.

The material averments of the bill are these:

In 1932 J. H. Ellison, a collateral relative, resident in South Carolina, died, leaving his last will and testament.

The will named the Peoples National Bank of Greenville, S. C., as executor. It was duly probated in South Carolina.

By the will the residuary estate was bequeathed: "One-third thereof to my niece, Janie E. Strawn in trust never-the-less, to keep the same safely invested in good interest bearing securities for the use and benefit of Samuel Caffee and Margaret Caffee, children of my deceased niece, Margaret Caffee, share and share alike, or to the survivor of them. The said Janie E. Strawn shall give a good and sufficient bond as Trustee for the faithful performance of her duties. Said Trustee may expend the income or any part of the principal sum for the benefit of said children as in her judgment from time to time, should be done. All of this is left to her wise discretion in determining their needs. When, however, Margaret Caffee shall have arrived at the age of twenty-five years, then if my said Trustee has not delivered to Samuel Caffee and Margaret Caffee the whole amount due them, then my said Trustee shall do so and be discharged upon her making a full accounting as such Trustee."

The bill proceeds:

"That said Janie E. Strawn as such Trustee accepted said trust in to-wit the year 1932 and received at said time and has since the acceptance of said trust held and now holds in money or liquid marketable and income-bearing securities, totaling. in value to-wit $14,000.00, for the sole use and benefit of this complainant and the respondent Margaret Caffee, share and share alike, as provided in the language in said will creating said express trust.

"3. That complainant· is and has been, continuously since the creation of said trust in the Trustee, a cripple and a paralytic, unable to work and unemployed and has no income, property or means of maintaining himself except his said trust estate; and that complainant is now and has continuously since the creation of said trust resided with his father, S. H. Caffee, and his step-mother Mrs. S. H. Caffee; that complainant's father, S. H. Caffee, has been and is physically unable to work since to-wit November 1936 and said Mr. and Mrs. S. H. Caffee are unable to support and maintain your complainant; that Mr. and Mrs. S. H. Caffee since the date of the creation of said trust have denied themselves many of the comforts and necessities of life in supporting your complainant and have advanced and used moneys which they could ill afford to spend for the same; that respondent Margaret Caffee resides with Mr. and Mrs. S. H. Caffee and earns a small salary, and Mrs. S. H. Caffee earns some $8.00 or $9.00 per week from sewing and mending work, and that this.is the only income which said family and household has with which to maintain itself, and that Margaret Caffee has contributed and advanced to the support of your complainant moneys which she could ill afford to spare.

"4. That said Janie E. Strawn accepted said trust in to-wit the year 1932 and since said date your complainant has only received from said trust, clothing of the value of to-wit $150.00; and that complainant since the date said Janie E. Strawn became said Trustee has been continuously in dire need of moneys for his maintenance, to-wit $75.00 a month, and is now and will be in the future in dire and pressing need of to-wit said sum monthly and the accumulations due him for his support and maintenance since the creation of said trust of to-wit said sum; that complainant has made demand on said Trustee for his just share of said trust and said Trustee has failed and refused to. answer or supply or grant his demands.

"5. That said Trustee has perverted and violated said trust and has failed to exercise in good faith her discretion in the execution and management thereof, in that she has failed to answer and provide to your complainant out of said trust the needs, necessities and comforts of life, in violation of her duty and contrary to the express provisions of said trust; or, if it can be said that she has exercised her discretion, she has exercised it arbitrarily, capriciously and unjustly and contrary to the spirit, intent and express mandates of said trust."

The bill avers the status of the trust, accounts, and properties are wholly within the knowledge of the trustee who has refused information to complainant touching same.

The bill prays: "That it be decreed that said trustee in the administration of said trust has failed to exercise good faith and has failed to exercise her discretion in ac-

cordance with the mandates of the instrument creating said trust, and has failed to justly administer said trust according to its meaning and spirit, but that said trust has been perverted and its objects and purposes thwarted by the failure of said Trustee in good faith to exercise said discretion according to the plain and express purposes of the creator of said trust"; and that the court ascertain and decree what monthly allowance shall be paid for complainant's support and maintenance, and what accumulation, if any, should be paid over.

It is not sought to invoke equity jurisdiction for the construction of an ambiguous will. It is averred the will is clear and unambiguous.

Nor is jurisdiction to enforce the trust incidental to other relief, as where the court acquires jurisdiction of the estates of minors on other equitable grounds, and, because the infant becomes the ward of the court, his interests are safeguarded as the court shall deem wise.

The bill very clearly shows the ground upon which relief is sought is such an abuse of discretion on the part of the trustee as calls for the intervention of a court of equity to the end that the trust shall not fail of its purpose.

The demurrer challenges the sufficiency of the bill in that no fraud or bad faith is charged. Appellant cites and relies solely on the authority of Hoglan et al. v. Moore et al., 219 Ala. 497, 503, 122 So. 824, 829, where it is said: ·"It is settled in this jurisdiction that if trustees exercise discretionary power in good faith,. without fraud or collusion, in a case within this jurisdiction, our courts· will not review or control their discretion, nor will a bill be entertained to compel execution of a mere discretionary power," etc.

This is the statement of the law as found in Perry on Trusts, § 511.

The ·execution of discretionary powers is not here involved. The trustee accepted a continuing trust with active duties and obligations. "Good Faith" in the exercise of such discretion is italicized in Perry on Trusts, supra. ·

In further statement of the rule, the case of McDonald v. McDonald, 92 Ala. 537, 9 So. 195, 197, is cited to the effect that a court of equity would interfere if discretion be "mischievously or ruinously" exercised.

McDonald v. McDonald, supra, involved a discretion in the management and dispo-

sition of the income from a trust estate of like import to that before us and for like purposes. The court reviewed our cases· and authorities ·elsewhere, and said, among other things:

"The discretion which, by the terms of the will in this case, was vested in W. J. McDonald would not be interfered with or controlled by' the court so long as it is honestly and reasonably ·exercised by him. But the will does not confer an arbitrary or capricious authority. * * *

"And if the discretion vested in the trustee * * * so far as concerns the comfort and support of the children, is practically not exercised at all, the court may provide for the administration of the trust under its own orders, ascertain the extent of the children's share of the rents, income, and profits, and secure the proper appropriation thereof. Davey v. Ward, 7 Ch. Div. 754; Thorp v. Owen, 2 Hare, 607; In re Roper's Trusts, 11 Ch.Div. 272; Raikes v. Ward, 1 Hare 445; Conolly v. Farrell, 8 Beav. 347; Walker v. Shore, 19 Ves. 387; Brown v. Higgs, 8 Ves. 561. The foregoing rules are necessary to the due maintenance of the principle that a trust of this character may not be defeated by the negligence or willful default of the trustee."

Again in Coker v. Coker, 208 Ala. 354, 356, 94 So. 566, 567, it is said: "It is true in general that the court will not interfere with the exercise of discretionary powers conferred upon a trustee. But in this case something depends upon the proper construction of the trust, and the court will not favor a construction which would confer an arbitrary or capricious authority. McDonald v. McDonald, 92 Ala. 537, 9 So. 195. Testator, very clearly, intended that his widow should have ample, suitable, and proper maintenance. The discretion left in the trustee was a reasonable discretion, whereas it appears that the trustee has administered the trust wholly without regard to the claims of the designated beneficiary, or rather perhaps it would be more correct to say that he has exercised no discretion whatever."

In Pearce v. Pearce'et al., 199 Ala. 491, 74 So. 952, 959, the equity court had acquired jurisdiction for the construction of a will in which the equities of infants were involved. The court said:

"The court has supervision of the exercise of the discretionary powers by such trustee, to the end that the powers be honestly and reasonably, and not improvidently

or arbitrarily, exercised, nor in disregard of the interests of such beneficiaries. * *

"Courts of equity will not favor a construction that confers upon or reposes in a trustee absolute and uncontrollable powers. Randolph v. East Birmingham Land Co., 104 Ala. 355, 16 So. 126, 53 Am.St.Rep. 64; McDonald v. McDonald, supra."

We may observe the court of equity has the same jurisdiction over trusts, the protection of the cestui que trust, whether he be a minor or an adult. The difference is the adult must by proper proceedings invoke the jurisdiction, whereas in case of infants the court has a duty like unto a guardianship when necessity for the protection of the interests of the infant becomes apparent, and the parties and subject matter are before the court.

In Randolph v. East Birmingham Land Co., 104 Ala. 355, 16 So. 126, 53 Am.St.Rep. 64, it was noted that in a trust of this character active duties are assumed, obligatory on the conscience of the trustee. Equity will not allow a trust to fail of its purpose by an omission of the trustee to exercise an intelligent and reasonable discretion. See, also, Grand Lodge, K. P. et al. v. Shorter, 219 Ala. 293, 296, 122 So. 36; Most Worshipful Grand Lodge v. Callier, 224 Ala. 364, 371, 140 So. 557; Gaines v. Dahlin, 228 Ala. 484, 488, 154 So. 101; Silverstein v. First Nat. Bank, 231 Ala. 565, 569, 165 So. 827.

The will before us created a trust with active duties in the management of the trust estate for two beneficiaries, one a minor at the time, to continue until she arrived at twenty-five years of age, two years after the filing of this bill, when the estate, or the unused portion of same, is to be accounted for and paid over to the beneficiaries. Meantime, any portion of the income or corpus was, in the discretion of the trustee, to be expended for the benefit of the cestui que trust. "All this is left to her (the trustee's) wise discretion in determining their needs."

There is a clear intent that their needs are to be considered, in the exercise of a wise discretion.

Under our settled construction, the trustee could not close her eyes to their needs, but was charged with the duty to keep reasonably advised in that regard and to exercise the discretion with which the testator clothed her to the end that the full purposes of the trust be accomplished.

Sound reasons support the doctrine that the conscience of the trustee is charged with an active obligation to effectuate the ends of the trust he has accepted. Good faith demands no less. Actual fraud in management, or in the use of the estate, is not necessary.

We are of opinion the facts averred in the bill are sufficient to support the further allegation that the trustee has failed to exercise the discretion contemplated by the will, or has exercised same arbitrarily and capriciously, and therefore the bill makes a prima facie case for equitable intervention, calling for an answer. The demurrer on this point was not well taken.

The bill is challenged on the further ground that the rightful jurisdiction over the enforcement of the trust is in the courts of South Carolina, where the will was executed, probated, and the estate is being administered; where the trustee has given bond for the faithful discharge of the duties of the trust; the state whose laws govern the construction of the will, etc.

The will discloses this is not a trust attached to the office of executor, an officer of the court, but a separate trust in a third person to whom the trust property was to be delivered pending or on settlement of the administration. The bill disclosed both trustee and beneficiary are now domiciled in Alabama. It does not appear that the trust estate has a situs in South Carolina.

It does appear the estate in the hands of the trustee has been segregated and passed out of the estate being administered in South Carolina. It does not appear that any court of competent jurisdiction has assumed jurisdiction of the res or the parties for the purpose of enforcing the trust as sought in this bill.

It is well settled here, as elsewhere, that the rights and equities of citizens of Alabama in properties wherever located or under whatever laws acquired will be protected by the courts of Alabama when this may be accomplished through process in personam on adverse parties within our jurisdiction; no foreign court having taken jurisdiction over the subject matter and the parties for the determination of such rights and equities. Lamkin v. Lovell, 176 Ala. 334, 342, 58 So. 258; Horst v. Barret, 213 Ala. 173, 104 So. 530; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084; Creamer v. Holbrook, 99 Ala. 52, 11 So. 830; Massie v. Watts, 6 Cranch 148, 3 L.Ed. 181;

Long' v. Earle, 277 Mich. 505, 269 N.W. 577; Squier v. Houghton, 131 Misc. 129, 226 N.Y.S. 162; Jones v. Jones, 8 Misc. 660, 30 N.Y.S. 177; Perry on Trusts, 2d Ed., 631; 65 C.J. pp. 895, 1010 et seq.

The case of Hoglan v. Moore, 219 Ala. 497, 122 So. 824, relied on by appellant, is not opposed to the foregoing authorities. That case involved a continuing trust in the operation of an industrial enterprise through a corporate management domiciled in another state. It was declared the courts of one state have no visitorial power over the corporations of another state in matters of vital concern to internal policy and management.

The courts of one state are frequently called upon to ascertain the substantive law of another state governing contracts and property rights, and to enforce same according to the remedial processes of the law of the forum. 12 C.J. p. 483, 484.

We find no error in the ruling on demurrer.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ. concur.