[Gewin, et al. v. Shields.]

# Gewin, *et al. v.* Shields.

## *Bill to Cancel Deed for Fraud.*

### (Decided June 2, 1910.   52 South. 887.)

1. *Equity; Subject of Relief; Fraud.*—Equity will relieve against fraud ordinarily, but does not relieve against every neglect of a moral or social duty.

2. *Same; Admissions by Demurrer.*—The averments of a bill are taken as true upon demurrer.

3. *Fraud; Acts Constituting.*—Where one with a view to influencing the conduct of another wilfully leads him into a false belief and the other acts accordingly to his injury, actionable fraud is committed.

4. *Cancellation of Instrument; Nature of Remedy.*—The remedy of cancellation of instrument lies only in equity, although the facts stated as a basis for relief will often afford grounds for another action at law.

5. *Same; Subject of Relief; Cloud Upon Title.*—In a proper case an instrument will be cancelled, though void, if it casts a cloud upon title to land.

6. *Same; Cloud Upon Title; Possession.*—One in the possession of land is not required first to test his title in an action at law before filing a bill to cancel an instrument as a cloud.

7. *Same; Deeds Obtained Through Fraud; Right to Relief.*—Where the respondent intentionally deceived complainant by promises not intended to be kept, and pursuant to respondent's intention to defraud complainant, induced complainant to .execute a deed which he thought to be a mortgage, and respondent afterwards mortgaged the land for a pre-existing debt to his co-respondent who purchased under a foreclosure, and demanded possession and complainant offered to do equity by paying any charge upon the land, the lifting of which was necessary to a relief, the complainant was entitled to a cancellation of the several instruments.

8. *Mortgages; Foreclosure; Bona fide Purchaser.*—Where a mortgage was given to secure a pre-existing debt and there was no valuable consideration for the mortgage, the mortgagee purchasing at a foreclosure sale was not a bona fide purchaser.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by G. W. Shields against W. C. Gewin and another to cancel a deed as cloud upon title, and for fraud.

38—167

[Gewin, et al. v. Shields.]

From a decree overruling demurrer to the bill respondents appeals. Affirmed.

· FRANCIS M. LOWE, and NESBITT HAMBAUGH, for appellant. Plaintiff must aver fully the acts constituting the fraud.—*Pinkston v. Boykin*, 130 Ala. 483; *B. W. H. Co. v. E. L. Co.*, 93 Ala. 549; *Penny v. Jackson*, 85 Ala. 67. The bill shows want of consideration in the mortgage and not its procurement by fraud.—*Lewis v. Simon*, 101 Ala. 546. Where one of two innocent persons must suffer by the acts of a third the loss falls on the person who occasioned it.—*Likbarrow v. Mason*, 4 Mass. 530; 13 Cyc. 535. Gewin was an innocent purchaser for value.—*Thames v. Rembert*, 63 Ala. 571; 6 Cyc. 319. The deed was on record and the grantor in possession held as tenant or trustee and his possession was not notice.—23 Cyc. 502; *Ivey v. Beddingfield*, 107 Ala. 616; *Yancey v. S. & W. R. R. Co.*, 101 Ala. 234.

CHARLES J. DOUGHERTY, for appellee. The demurrer pretended to go to the whole bill, and was bad as to several features of the bill.—*L. & N. v. Morgan*, 114 Ala. 449; *Barksdale v. Davis*, 114 Ala. 623; *Hereford v. Hereford*, 134 Ala. 321. The averments of facts were sufficient to constitute fraud.—*Williams v. Sprague*, 102 Ala. 426; *Bufford v. Steele*, 80 Ala. 148; *Pickett v. Pipkin*, 64 Ala. 20. The grantor was in possession and this put the purchaser upon inquiry.—*Hendricks v. Kelly*, 64 Ala. 388; *Shiff v. Andress*, 147 Ala. 690; *Munn r. Achey*, 110 Ala. 631.

MAYFIELD, J.—The case made by the bill is that appellee is an illiterate man of small means and business capacity; that prior to August 15, 1908, he owned a small house in Jefferson county, near Birmingham, Ala. On that date he was approached by the respondent

Fortenberry, in Birmigham, who inquired of him what he was doing in Birmingham. Appellee replied that he was going to the bank to see if he could borrow some money which he needed, to which Fortenberry rejoined that appellee did not have to do that; that he (Fortenberry) would lend him all the money he needed. Thereupon, at the solicitation of Fortenberry, as the bill avers, they entered into the following agreement: "That your orator (appellee) would execute to the said Fortenberry a mortgage on his home, the aforesaid described property, for $1,000, for which the said Fortenberry agreed to pay one T. C. Cairns $180, and one McLendon $60, which orator was then owing, and was to make certain improvements on orator's home, the aforesaid described property; that orator was to execute promissory notes of $10 each to the said Fortenberry for the amount paid out in addition to what the improvements would cost, payable one on the 1st of each month thereafter until the entire indebtedness was paid in full. The above agreement was suggested to orator by said Fortenberry and assented to by him. Orator avers that the said Fortenberry has never paid the said Cains nor the said McLendon any money whatever; that he has never made, nor attempted to make, any improvements on his (orator's) aforesaid premises; that he has never carried out any provisions of the aforesaid agreement; that on, to wit, the 22d day of August, 1908, orator, as agreed to, executed to said Fortenberry said mortgage, which now on its face appears to be an absolute deed to his aforesaid property; that the notes which said mortgage was to secure were never presented or executed by him. Orator avers that for several days immediately after he executed said mortgage he on divers occasions during said period of time requested the said Fortenberry to proceed to carry out the aforesaid agreement, but that

on each occasion his request was met by some evasive or trifling excuse," etc.

The bill alleges that said Fortenberry never loaned appellee a cent, and never did anything which he agreed to do; that after declining and failing to perform his agreement, the said Fortenberry promised to destroy the mortgage, and told appellee that he need not worry about it any more, and that appellee thought his property was no longer incumbered; that Fortenberry instead of destroying the document, had it recorded; that it was for the first time discovered by appellee's attorney to be an absolute deed and not a mortgage; that said Fortenberry, to further carry out his fraudulent scheme to get appellee's home, executed to the other respondent, Gewin, what purports on its face to be a mortgage on this land to secure a note for $500 which Fortenberry owed Gewin; that, to further carry out this fraudulent scheme, Gewin foreclosed his mortgage and purchased at his own sale, and is now demanding possession of orator's home. The bill seeks to have these several instruments delivered up and canceled as a cloud on complainant's title, and to prevent the respondents from hereafter harrassing appellee by means of these fraudulent deeds and mortgages. The bill, however, offers to pay any or all amounts, if any, that the court may find to be due from him to any one of the respondents, which may constitute a lien or incumbrance upon the property. The respondents demurred to the bill, assigning various grounds, but the court overruled the demurrers; and from that decree this appeal is taken.

There is a no more common head of equity jurisdiction than to relieve against frauds, and whenever such are made to appear, in the various transactions between man and man, equity in most, if not all, cases can and will relieve aaginst them.

"Courts of equity have been liberal in protecting, against the consequences of fraud, those who from weakness and imbecility are most liable to imposition, and also those who from their relative situation are peculiarly liable to be influenced by artful and designing persons around them. In carrying out their healthful principles, they have proved themselves the guardian of infancy, the protectors of the innocent and unwary, and the fearless and successful exposers of hidden machination and secret fraud. If there has been a suppression of the truth, or the suggestion of a falsehood, whereby the party is circumvented and deceived, equity will relieve against it. Where an undue advantage has been taken of the weakness or necessity of the party, or of any situation in which he is placed, rendering him peculiarly liable to impositions, this court will interfere. It goes upon the safe principle of protecting those who are not able to protect themselves."—*Crane v. Conklin,* 1 N. J. Eq. 356, 22 Am. Dec. 519.

Equity stands on the best and broadest basis when it goes to enforce rights founded on moral and social duties, though every neglect of a moral or a social duty does not give rise to a right of action at law, or a suit in equity.

When one person, with the view to influence the conduct of another, willfully leads him into a false belief, and the other acts accordingly, to his hurt, the act is said to be induced by fraud, and the former liable to the latter in a proper suit to right the wrong done. Fraud without damage, or damage without fraud, gives no right of action; but where these two concur an action lies. Both are shown in this bill.

Facts which will authorize equitable relief by cancellation will often afford ground for some other action at

law, but cancellation is relief which, under our practice, can be afforded only by a court of equity.

Instruments, though void, if they cast a cloud upon title to land, in proper cases will be canceled.

It has been often reaffirmed by this court that a party, to maintain a bill to cancel a deed as a cloud upon title, must be in possession; otherwise he could by affirmative action first establish his title in a court of law, and be restored to the possession, and then have the cloud removed.

Where the complainant i in possession, he is not required to first test his tititle in a court of law.

The rule that prevails in English courts, in cases like this, is that equity has jurisdiction in all cases of fraud. —6 Cyc. 291. In this state, however, it has been decided that "fraud is never a distinctive ground of equity jurisprudence; it is never of itself a foundation which will uphold a bill in equity" (*Smith v. Cockrell*, 66 Ala. 77), though we have decisions to the contrary. See cases cited in the majority and dissenting opinions in the above case.

Mr. Justice Story has said that a complainant ought not be subject to vexatious litigation at a distant time, when proper evidence to repel the claim may have been lost or obscured, or when the other party may be disabled from contesting its validity with as much ability and force as he can bring to bear at the present moment. Delay may lose the benefit of important evidence of the fraud.

The reasonable inferences from the facts averred in this bill are that Fortenberry intentionally deceived complainant by promises which he had no intention of performing, and thereby procured complainant to execute a deed, when he thought he was executing a mortgage, and that it was done and carried out with the in-

[Creel v. Creel, et al.]

tention of defrauding complainant. Fortenberry's subsequently executing the mortgage to Gewin was probably a part of the scheme. The bill, however, does not show that Gewin was a party to the original scheme.

But this is not necessary to maintain this bill. If the averments of the bill are true—and on demurrer they must be so treated—Gewin was not a bona fide purchaser for value, even though he had no notice of the fraud. The bill shows that his mortgage was to secure a pre-existing debt which Fortenberry owed him. It does not show that Gewin parted with anything of value in consideration of the mortgage—not even with the grant of an extension of time for payment—but only that he took it to secure a note owing to him.

The bill furthermore offers to do equity by paying whatever charge upon this land (if any such there be) the lifting of which may be necessary to the relief prayed.

The bill clearly contained equity, and was not subject to the demurrer interposed; and the decree of the chancellor must be affirmed.

Affirmed.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.