(117 So. 641)

## ROSCOE v. INMAN. (6 Div. 113.)

Supreme Court of Alabama. June 30, 1928.

Crampton Harris, of Birmingham, and W. O. Woodall, of Tallassee, for appellant.

Harsh & Harsh, of Birmingham, for appellee.

BROWN, J. That the defendant Toohey procured the execution of the deed of February 23, 1925, by the complainant Inman to him, through fraud, is not controverted. The contentions of the appellant are: (1) That he is a purchaser of the property for value and without notice of the complainant's equity; (2) that the complainant was a party to and participated in the fraudulent scheme through which Toohey obtained the deed; and (3) is guilty of laches in seeking to uncover the fraud after its discovery.

The two last contentions present questions of fact, and after full and careful consideration of the evidence, we are of opinion that these contentions are without merit, and concur in the conclusion of the chancellor that the complainant's participation in the scheme was without guilty knowledge, and in no way influenced the conduct of the appellant in dealing with Toohey.

We are further of opinion that the complainant did not in fact discover the fraud until Toohey was arrested and put in jail on the complaint of Roscoe, and cannot be held guilty of laches.

We think it equally clear that appellant is not in a position to claim title to the property as an innocent purchaser. Before he accepted the deed from Toohey, he had knowledge that Toohey was engaged in the promotion of a fraudulent scheme, and was preying on the unwary to obtain money and property through this stupendous fraud; that he had recently come to Birmingham from another state—facts sufficient to put him on inquiry. And in acquiring the deed Roscoe parted with nothing of value. Gewin v. Shields, 167 Ala. 593, 52 So. 887; Banks v. Long, 79 Ala. 319; Randolph v. Webb, 116 Ala. 135, 22 So. 550; Gafford v. Stearns, 51 Ala. 434; Short v. Battle, 52 Ala. 456; Alexander v. Caldwell, 55 Ala. 517; Pom. Eq. Juris. (4th Ed.) § 749. He had no equity in the property against Inman; he only had the legal title, and, not being situated so as to stand as an innocent purchaser, the deed he obtained from Toohey was properly canceled.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.