87 So.2d 821

**Bradford MERRY et al.**

**v.**

**COUNTY BOARD OF EDUCATION OF JEFFERSON COUNTY et al.**

**6 Div. 888.**

Supreme Court of Alabama.

April 12, 1956.

Rehearing Denied June 14, 1956.

Lange, Simpson, Robinson & Somerville,
Birmingham, for appellants.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellees.

SIMPSON, Justice.

This appeal comes to us on pleadings from the Circuit Court of Jefferson County, in Equity. The bill is in three aspects: Appellants (complainants below) seek (1) cancellation of a deed from appellants' testatrix to the appellee Board of Education; (2) declaration of appellants' interest in the real property which is the subject matter of the deed, or in the proceeds from the sale thereof; and (3) construction of the testatrix' will and declaration of appellants' interests thereunder.

The court ruled separately on demurrers of appellees: as to the Board, he overruled its demurrer to the bill as a whole and sustained demurrers to that aspect of the bill seeking cancellation; as to the executor, he overruled his demurrer to the bill as a whole and sustained his demurrers to that aspect seeking cancellation and to that aspect seeking construction of the will.

### Cancellation.

Appellants seek cancellation on the theory that the deed executed by testatrix was never delivered. They allege that it was deposited with her attorneys, along with an offer to sell, but that during her lifetime there was no delivery. Further, they allege that the deed was given (not "delivered") to the appellee Board after testatrix' death, this, however, did not amount to delivery—they maintain—because testatrix' death revoked the attorneys' power to deliver.

As we understand this aspect, the ruling on demurrer raises the questions: (a) do the facts alleged show a nondelivery as a matter of law? and (b) if the facts do not amount to delivery, is there equity in this aspect?

(a) Delivery as a matter of law in this aspect requires consideration of two distinct phases—delivery *before* the death of the grantor and delivery *after* the death of the grantor.

*Delivery before death of grantor.* Appellants allege that the deed was executed and forwarded to testatrix' attorneys:

"* * * in order that said deed might be delivered to said County Board if and when such negotiations should culminate in a contract between the testatrix and said County Board for the sale of said realty and the terms of said contract should be complied with * * *."

The allegations are tested by general demurrer.

Construed most strongly against the pleader, we understand him to maintain that during her lifetime the testatrix did not deliver the disputed deed: She (or her agent attorneys) were negotiating for the

sale of the realty; she executed a deed to it and forwarded it to her attorneys (depositaries) along with an offer to sell at a fixed figure; she instructed them to deliver the deed "* * * if and when such negotiations should culminate in a contract * * * and the terms should be complied with * * *." It appears that no promise was made or consideration paid by the Board prior to delivery to it of the deed, which delivery, as stated, was made by grantor's attorneys after her death.

The situation thus presented is controlled by the law with respect to escrow agreements, the determinative question being whether or not there was a valid escrow. The applicable rule is thus well stated in 19 American Jurisprudence, Escrow § 5, p. 421:

"In order that an instrument may operate as an escrow when delivered to one not a party to the instrument to be delivered over in turn to a party to the instrument upon the performance of certain conditions, there must be a valid contract between all the parties as to the subject matter of the instrument and the delivery, and * * * in the absence of such a contract the party making the delivery may recall the instrument. Hence, not only must there be sufficient parties, a proper subject matter, and a consideration in order for an escrow to exist, but the parties must have actually contracted. The actual contract of sale on the one side and of purchase on the other is as essential to constitute the instrument an escrow as that it be executed by the grantor; and until both parties have definitely assented to the contract, the instrument executed by the proposed grantor, though in form a deed, is neither a deed nor an escrow. It makes no difference whether the instrument remains in the possession of the nominal grantor or is placed in the hands of a third party, pending the proposals for the sale or purchase."

■ The foregoing is sustained, in principle, by our case of Bethea v. McCullough, 195 Ala. 480, 70 So. 680, recognizing in ef-

fect the necessity of a consideration for an option to purchase land, and predicating right of specific performance of a contract to convey real estate upon the payment of a valuable—though nominal—consideration for the option. Here, according to the allegations of the bill, the proposed grantee neither paid any consideration nor contracted to purchase the property. If this be so, then the agreement on the part of the grantor that the deed executed by her and placed in the hands of her attorneys should be delivered to the named grantee upon payment of the recited consideration was, like any other contract, unilateral and unenforceable so long as it remained executory. 5 Ala.Dig., Contracts, ☞47. Therefore, the escrow was revocable at any time before it was accepted and acted upon by the grantee. If not done in the lifetime of the grantor, it was ipso facto revoked upon her death.

■ We are not to be understood as holding that death of the grantor alone abrogates a deposit in escrow. We are not unmindful of the rule that where death of either of the parties is not contemplated as a condition, the escrow will not be affected by the death of either or both of the parties to the instrument before the actual condition is performed or before final delivery. "The death of the parties in no way abrogates a true contract of escrow, for in such cases the escrow takes effect by constructive delivery upon the performance of the happening of the agreed condition or contingency, and such delivery by fiction of law relates back to, and is substituted for, the delivery made to the depositary in the lifetime of the grantor." 19 Am.Jur. Escrow, § 10, p. 426; 30 C.J.S., Escrows, § 13, p. 1217; Lost Creek Coal & Mineral Land Co. v. Hendon, 215 Ala. 212, 110 So. 308; Prewitt v. Ashford, 90 Ala. 294, 7 So. 831; Griswold v. Griswold, 148 Ala. 239, 42 So. 554.

■ But the demurrer also questions the *equity* of the bill in this aspect. Although cancellation is recognized as a strictly equitable remedy, it has long been the law in this state that a court of equity will not entertain an action for cancellation

unless there is in addition some other ground of equitable jurisdiction upon which to found the suit, or unless there is no adequate remedy otherwise available. Stone v. Walker, 201 Ala. 130, 77 So. 554, L.R.A. 1918C, 839; Wilson v. Miller, 143 Ala. 264, 39 So. 178; Smith's Ex'r v. Cockrell, 66 Ala. 64 (dissent of Stone, J., adopted as the law in Wilson v. Miller, supra); Gewin v. Shields, 167 Ala. 593, 52 So. 887; 12 C.J.S., Cancellation of Instruments, § 11, p. 949.

■ We note that possession is not alleged in the bill; from aught that appears the appellants are out of possession. Unless prevented by some circumstance not here apparent the appellants must first pursue their remedy at law. Gewin v. Shields, supra; Wilson v. Miller, supra.

It results as our opinion that the trial court did not err in its ruling on the demurrers to the aspect of the bill seeking cancellation.

### Construction of Will.

Appellants also contend that the trial court erred in sustaining the executor's demurrers to that aspect of the bill seeking construction of the testatrix' will and declaration of appellants' interest thereunder. The disputed portion of the will is as follows:

"Eighth: I devise to my deceased husband's two nephews, Bradford Merry and Horace Merry, of Birmingham, Alabama, in equal shares, or to their heirs by right of representation, all of the real estate which I may own at the time of my death which is located in the State of Alabama, which shall be their full share in my estate."

■ We can see no ambiguity in these provisions; consequently, we do not think the court erred in its ruling on demurrer to this aspect of the bill. A court of equity will not construe an unambiguous will. Werneth v. Hanly, 262 Ala. 219, 78 So.2d 299; Hoglan v. Moore, 219 Ala. 497, 122 So. 824; First Nat. Bank of Montgomery v. Sheehan, 220 Ala. 524, 126 So. 409.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.