Estate of Blanchard Houston Stallworth, Sr., Deceased, B. H. Stallworth, Jr., and Daisy B. Stallworth, Executors [1] v. Commissioner. Estate of Stallworth v. Commissioner
Docket No. 58140.
United States Tax Court
T.C. Memo 1957-168; 1957 Tax Ct. Memo LEXIS 85; 16 T.C.M. (CCH) 741; T.C.M. (RIA) 57168; August 30, 1957
Vincent S. Lamb, Esq., and William S. Duke, Esq., First National Bank Building, Montgomery, Ala., for the petitioner. Frederick T. Carney, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in estate tax in the amount of $39,757.28. The sole question presented is whether the estate is entitled to the maximum marital deduction under the provisions of section 812(e) of the Internal Revenue Code of 1939. Findings of Fact Most of the facts have been stipulated and are found accordingly. Blanchard Houston Stallworth, Sr., hereinafter referred to as the decedent, died testate on April 1, 1951. He was survived by his wife, Daisy B. Stallworth. A Federal estate-tax *86 return was filed with director of internal revenue for the district of Alabama on June 27, 1952. The last will and testament executed on April 15, 1949, and a codicil thereto executed on September 29, 1950, were duly admitted to probate in the Probate Court of Monroe County, Alabama, on the 4th day of April 1951. B. H. Stallworth, Jr. was duly appointed and qualified as executor of decedent's estate. The provisions of the will of the decedent, pertinent hereto, are as follows: "SECOND "Subject only to the payment of my debts, I give, devise and bequeath to my beloved wife and son, Daisy B. Stallworth and B. H. Stallworth, Jr., in trust for the uses and purposes hereinafter set out, all my property of every kind and character and wherever situated. This title is subject to all of the following conditions and stipulations, namely: "(a) During the life time of my said wife said trustees, and their successors in trust, shall as to all of said property then remaining in the trust, have complete power and authority to manage, handle, control, * * *. * * *
"All property, both real and personal, that may be purchased or otherwise acquired by said trustees, shall constitute *87 a part of said trust property, and shall be governed in every way by all the provisions hereof relating to the property I may own at my death. "(b) My said wife, Daisy B. Stallworth, shall be the beneficial owner of an undivided one half interest in and to all of my said estate, and shall have the right to deal with and dispose of the same as she alone may see fit. If she elects to have her one half thereof set apart to her, then and in that event said trustees shall divide said property into two fairly equal shares and shall convey title to her for the share she may choose or designate; and in any event, so long as her said share remains a part of the trust she shall be entitled to have and receive one half of all income therefrom. Her ownership in said property shall be in fee simple. "However, my said wife may, if she so elects, permit her one half to remain a part of said trust property, or may permit any part of her said one half to so remain; and she shall be entitled to her share of the income therefrom. But her right to handle and dispose of her said share shall be a continuing right to be exercised by her at any time during her life time. In the event of the death of my *88 said wife before she may have made disposition of her said one half of said trust property, then it shall be presumed that she intended said property to remain a part of the trust property, and it shall be disposed of by this will and according to the provisions herein made for the disposition of the balance of said trust property. "(c) During the life time of my said wife the income from all trust property shall be used and handled for the benefit of my said wife and of our children and her children, namely: Mildred Gardner, Louise Gardner, George H. Grimes, B. H. Stallworth, Jr., and Mary George Llewellen; my said wife to have all the income from her property then remaining in the trust, and so much of the income from the remainder of the property, if necessary, for her maintenance, support and comfort; my said trustees to determine from time to time what amount is necessary for the purpose of maintenance, support and comfort of my said wife. "In the event any of said named children should die before the death of my said wife leaving children of their own, then the surviving children shall take what the parent would have taken if then living. * * *
"(e) At the death of *89 my said wife this trust shall be terminated, and all property then remaining in the trust shall become the property in fee simple of all our five children hereinbefore named who may be then living, and the descendants of any of said children who may have previously died, that is to say, the then living descendants of any of such deceased children. * * *. The codicil, in substance, provides that the income from the share of the estate belonging to the wife conveyed to the trustees shall be paid to her at least annually, and that if she should die without having withdrawn her interest or had not made disposition of it by will or otherwise, in that event any such portions remaining in the trust should go to her heirs-at-law according to the laws of descent and distribution of Alabama then in effect. The value of the gross estate of decedent for estate tax purposes is $465,062.69. In Schedule M of the estate tax return a marital deduction in the amount of $179,325.34 was claimed with the following explanation: "Undivided one-half interest in and to entire estate devised to Daisy B. Stallworth, widow of B. H. Stallworth, Sr., under the terms of his last will and testament, a copy *90 of which, duly certified, is attached hereto and marked 'EXHIBIT F' $179,325.34" The net value of the above-listed property was shown as $163,738.52. In the deficiency notice the respondent disallowed the major portion of the marital deduction claimed with the following explanation: "It is held that the interest passing to Mrs. Daisy B. Stallworth under the terms of the last will and testament of Blanchard Houston Stallworth, Sr., as amended by a codicil, does not qualify for the marital deduction provided by section 812(e) of the 1939 Internal Revenue Code and the maximum marital deduction in this estate amounts to $41,295.81, the value of life insurance proceeds receivable by Mrs. Stallworth." By a 30-day letter dated October 26, 1954, addressed to B. H. Stallworth, Jr., Executor, Estate of Blanchard Houston Stallworth, c/o Monroe Oil Company, Monroeville, Alabama, petitioner was furnished a copy of the revenue agent's report of examination in which a proposed finding was made disallowing a substantial portion of the marital deduction claimed on the estate tax return. Protest to said 30-day letter was duly and timely made by petitioner. On the petition of Daisy B. Stallworth, *91 the Circuit Court of Monroe County on February 5, 1955, entered an order removing the administration of the estate of decedent from the Probate Court to the Circuit Court. On February 9, 1955, Daisy filed a bill of complaint in that Circuit Court. The bill, after alleging certain jurisdictional facts and setting forth the provisions of subparagraph (b) of the second paragraph of the will of the decedent, further alleged the existence of an actual controversy between her and B. H. Stallworth, Jr., the executor, as to the interpretation of provisions of the will; that the will was ambiguous; and, praying that a decree be entered stating that she was vested with a fee simple title to one-half interest in and to all the estate of the decedent free and clear of any and all restrictions, conditions, rights of reversion, or loss of right of dispositions under any circumstances. B. H. Stallworth, Jr., individually and as executor, filed an answer setting forth the provisions of the codicil to said will and admitting all the allegations of the complaint. The other four children of the decedent who were brought in as parties filed identical separate answers, admitting the probate of the *92 will, the provisions thereof set forth in the bill, and neither admitting or denying the remaining allegations. On March 28, 1955, the Circuit Court entered its final decree as follows: "FINAL DECREE "This cause coming on to be heard for final decree as submitted for the decision of the Court upon Bill of Complaint, the answer of the Respondent, the agreement of Counsel, and the testimony as noted by the Register, and upon consideration of the same it is the opinion of the Court that the Last Will and Testament of B. H. Stallworth, Sr., vested a fee simple title in his wife, Daisy B. Stallworth, to an undivided one-half interest in and to all of his said estate; that all other parts of said will in conflict therewith or in anywise appearing to limit or restrict the ownership or disposition thereof by said Daisy B. Stallworth are suggestions merely; that said Daisy B. Stallworth takes said undivided one-half interest in and to said estate, free and clear of any and all restrictions, rights or reversion, or loss of the right of disposition under any circumstances. It is therefore, "ORDERED, ADJUDGED, DECREED AND DECLARED by the Court that: "1. Daisy B. Stallworth was vested, *93 under the will of B. H. Stallworth, Sr., with a fee simple title in and to an undivided one-half interest in and to all of said estate. "2. That all other parts of said will in conflict therewith, or in anywise appearing to limit or restrict the ownership or disposition thereof by said Daisy B. Stallworth are inoperative and void. "3. That said Daisy B. Stallworth is vested with title to said undivided one-half interest in and to said estate, free and clear of any and all restrictions, rights of reversion, or the rights of disposition." * * *
Opinion LEMIRE, Judge: The question for decision is whether the respondent properly determined that the interest passing to the surviving spouse under the decedent's will and codicil does not qualify for the marital deduction provided by section 812(e) of the Internal Revenue Code of 1939. Petitioner contends that the will is ambiguous; that it was the intention of the decedent to vest a fee simple title to a one-half interest in and to all his estate in his wife; Daisy; and, that the final decree of the Circuit Court of Monroe County, Alabama, entered March 28, 1955, so adjudging is final and conclusive. This Court recognizes *94 that a decision of a state court determining property rights under state law in a bona fide proceeding and upon the merits is binding upon us. Freuler v. Helvering, 291 U.S. 35; Blair v. Commissioner, 300 U.S. 5; Estate of Charles Elson, 28 T.C. - (May 24, 1957). On the other hand, we have followed the well-settled rule that an order of judgment obtained through collusion or agreement or attended by other circumstances showing a nonadversary proceeding is not binding between one or more of the parties to such proceeding and the United States in respect to income or estate tax imposed by Federal legislation. Estate of Arthursweet, 24 T.C. 488, affd. 234 Fed. (2d) 401, certiorari denied 352 U.S. 878; Brodrick v. Gore, 224 Fed. (2d) 892; Brodrick v. Moore, 226 Fed. (2d) 105; Newman v. Commissioner, 222 Fed. (2d) 131, affirming 19 T.C. 708; Merchants National Bank of Indianapolis (Will of G. E. Street) v. United States, 246 Fed. (2d) 210 (C.A. 7, June 20, 1957) [57-2 USTC [*] 11,703]; Estate of Charles Elson, supra. The decedent died on April 1, 1951; *95 his last will was admitted to probate and letters testamentary were issued to his son, B. H. Stallworth, Jr., on April 4, 1951; and the estate tax return was filed on June 27, 1952. Subsequent to the revenue agent's report, advising that a part of the claimed marital deduction was not allowable, which was mailed to the executor on October 26, 1954, the surviving spouse, filed a bill of complaint with the Circuit Court of Monroe County, Alabama. The bill alleged, inter alia, that an actual controversy existed between herself and B. H. Stallworth, Jr., Executor of decedent's estate, over the interpretation of subparagraph (b) of item "Second" of decedent's will; that the will was ambiguous and prayed for "a decree stating that Petitioner was vested with a fee simple title to one-half interest in and to all of the Estate of the said B. H. Stallworth, Sr., free and clear of any and all restrictions, conditions, right of reversion, or loss of the right of dispositions under any circumstances." B. H. Stallworth, Jr., individually and as executor filed an answer, setting forth the provisions of the codicil to decedent's will, and admitting all the allegations of the complaint. The other *96 four children named in the will were brought in as parties. Each filed a separate answer, which was identical in form and substance. The answers admitted the execution and probate of the will, the issuance of letters testamentary and the provisions of subsection (b) of the second paragraph. The other allegations of the bill were neither admitted nor denied. None of the answers filed contained any prayer for relief. A certified copy of the proceedings in the Circuit Court was admitted in evidence. Such record discloses that the register took the oral depositions of B. H. Stallworth, Jr. and A. C. Lee, the attorney who drafted the decedent's last will and codicil. The substance of their testimony is to the effect that the decedent was advised as to the statutory provisions relating to the marital deduction, and that it was the decedent's intent that the provisions of his will for the benefit of his surviving spouse should qualify for the marital deduction. The opinion expressed in the final decree of the Circuit Court is substantially in the language of the prayer for relief contained in the wife's bill of complaint. The sequence of the aforementioned events, the pleadings, the *97 oral testimony before the register, and the further recital in the decree that it was based inter alia on "the agreement of counsel" satisfies us that the proceeding was nonadversary, and was collusive in that the parties joined together to procure a decree upon which to base a claim for marital deduction and thus to defeat the proper imposition of Federal estate tax. The Alabama statutes authorize any person interested in a will to file a bill seeking its construction. The decisions of the courts hold that an answer and a denial are necessary to frame a justiciable issue. Curjel v. Ash, 261 Ala. 42, 72 So. (2d) 732. A court, however, is without authority to construe an unambiguous will. Werneth v. Hanly, 262 Ala. -, 78 So. (2d) 299; Hoglan v. Moore, 219 Ala. 497, 122 So. 824; First National Bank of Montgomery v. Sheehan, 220 Ala. 524, 126 So. 409; Merry v. County Board of Education, 264 Ala. 411, 87 So. (2d) 821. In our opinion, the will in question is unambiguous. The intention of the testator is to be gathered from the will itself. We think it is clear that the intent of the testator was to create a single trust *98 of his entire estate after payment of debts and funeral expenses. The trust is for the duration of the life of the wife. The trustees are given plenary powers, and are to pay one-half the income of the trust estate at least annually and so much of the remainder of the trust income as the trustees from time to time determined to be necessary for her maintenance, support and comfort, to the wife. The trust income not distributed to the wife is to be used for the benefit of decedent's children. By subparagraph (b) of the second paragraph of the will the wife was vested with the power, if she so elected at any time, to withdraw from the operation of the trust one-half the trust corpus. In the event of the exercise of such power, title to one-half the trust estate was to be conveyed to her, and as to the property so conveyed she is to be the owner in fee simple. Therefore, the wife's ownership in fee simple to one-half of the decedent's estate is contingent upon the exercise of the power conferred upon her. Upon the death of the wife, the will contains provisions as to the distribution of the then trust estate. The issue presented for our decision, in our judgment, does not require *99 any discussion of such provisions. As a result of the views expressed we conclude and hold that the final decree of the Circuit Court of Monroe County, Alabama, dated March 28, 1955, is not binding upon us. We next consider whether the estate is entitled to a greater marital deduction than allowed by the respondent. Section 812(e)(1)(F) makes the marital deduction available where the surviving spouse is entitled to all the trust income for life and has power to appoint the entire corpus, and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse. Since the will creates but one trust, the marital deduction is not available, because the widow was not entitled to all the trust income and had no power to appoint the entire corpus. Estate of Arthur Sweet v. Commissioner, supra; Estate of Louis B. Hoffenberg, 22 T.C. 1185, affd. per curiam 223 Fed. (2d) 470; Estate of Harrison P. Shedd, 23 T.C. 41, affd. 237 Fed. (2d) 345. Petitioner relies on Estate of Harry A. Ellis, 26 T.C. 694. We think the Ellis case is not applicable. We there held that the surviving *100 spouse had unlimited power to invade the corpus and that the bequest was within the exception to the rule provided by section 812(e)(1)(F) of the 1939 Code. Over the objection of the Government, petitioner was permitted to present evidence bearing on the intention of the testator. Since we have held the will to be unambiguous, no reliance has been placed thereon. Even if the parol evidence of petitioner were fully admissible it is not of sufficient persuasive force to overcome the plain language of the will. The respondent's determination as to the maximum allowance to the estate for the marital deduction is sustained. Decision will be entered for the respondent. Footnotes
1. The record does not disclose that Letters Testamentary were issued to Daisy B. Stallworth.↩